# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JOSE MARTIN AGUILAR,<br><br>　　　　　　Defendant. | No. 4:16-MJ-7069-JTR-1<br><br>ORDER DENYING UNITED STATES' MOTION TO DISCLOSE DISCOVERY BUT NOT UNSEALING AND<br><br>ORDER GRANTING UNITED STATES' MOTION FOR PROTECTIVE ORDER<br><br>**ECF No. 20** |

On Friday, May 27, 2016, the Court ordered the United States to notify Defendant's counsel within three days (by June 2, 2016) whether the Defendant may retain a copy of the affidavit (ECF No. 2) supporting the complaint (ECF No. 1) while in custody. ECF No. 17. If the United States objected to Defendant possessing the affidavit (ECF No. 2), the United States was ordered to seek a protective order to prohibit the Defendant from retaining a copy of the affidavit (ECF No. 2). ECF No. 17.

ORDER DENYING UNITED STATES' MOTION TO DISCLOSE DISCOVERY
BUT NOT UNSEALING AND ORDER GRANTING UNITED STATES'
MOTION FOR PROTECTIVE ORDER - 1

### A. Procedural History

On May 24, 2016, the Court issued a criminal complaint in this matter. ECF Nos. 1-2. On the same day, the United States filed a motion to seal the complaint, affidavit and arrest warrant. ECF No. 3. The Court ordered that "the Complaint, Affidavit to the Complaint and the Arrest Warrant in this case are sealed, pursuant to Federal Criminal Procedural Rule 41.1(d) until further order of the Court, or Defendant's arrest, whichever occurs first." ECF No. 4.

Defendant was arrested and made an initial appearance the following day, May 25, 2016. ECF Nos. 7, 13, 14. At the initial appearance, defense counsel indicated he had been given a copy of the complaint (ECF No. 1), but not the supporting affidavit (ECF No. 2). Pursuant to Fed. R. Crim. P. 5(d)(1)(A), the Court ordered that the Courtroom Deputy provide a copy of the affidavit (ECF No. 2) to defense counsel and Defendant. Per the Court's order regarding sealing, the charging documents, including the Affidavit, should have been unsealed at the time of Defendant's arrest. ECF No. 4. Moreover, the federal criminal rules provide that Defendant be given a copy of the affidavit at the initial appearance. Fed. R. Crim. P. 5(d)(1)(A).

At the initial appearance, defense counsel inquired whether Defendant could maintain a copy of the affidavit (ECF No. 2); at the time Defendant was in custody. Based on a request by the United States, the Court precluded Defendant from

1  retaining a copy of the affidavit (ECF No. 2) while in custody, but defense counsel
2  was provided a copy to maintain in counsel's possession.  At the bail hearing on
3  May 27, 2016, newly-appointed CJA counsel made a similar request that Defendant
4  be permitted to retain a copy of the affidavit (ECF No. 2) in custody.  ECF No. 17
5  at 5.  The Court ordered that Defendant may not retain a copy (in custody) until the
6  assigned Assistant United States Attorney was consulted, since the affidavit (ECF
7  No. 2) had previously been sealed.  ECF No. 17 at 5.  Defendant's counsel was
8  provided a copy of the affidavit (ECF No. 2).  The Court ordered that the United
9  States shall notify Defendant's counsel within three days (by June 2, 2016), whether
10  the Defendant may retain a copy of the affidavit (ECF No. 2) supporting the
11  Complaint (ECF No. 1) while in custody and file a motion for a protective order if
12  the United States objected.

13  On June 1, 2016, the United States moved to disclose the affidavit (ECF No.
14  2) and additional pre-indictment filings that would constitute discovery but with two
15  caveats: (1) the documents remain under seal from the public; and (2) defense
16  counsel be restricted from providing original or copies of the discovery materials to
17  the Defendant.  ECF No. 20 at 2-3.

18  **B. Motion to Disclose the Affidavit Supporting Complaint but Not Unsealing**

19  The United States requests that it be authorized to disclose the affidavit (ECF
20  No. 2) supporting the criminal complaint to Defendant, but requests that the affidavit

ORDER DENYING UNITED STATES' MOTION TO DISCLOSE DISCOVERY
BUT NOT UNSEALING AND ORDER GRANTING UNITED STATES'
MOTION FOR PROTECTIVE ORDER - 3

(ECF No. 2) remain sealed. ECF No. 20 at 3. The motion is DENIED. First,

Case 4:16-mj-07069-JTR   Document 21   Filed 06/01/16

(ECF No. 2) remain sealed. ECF No. 20 at 3. The motion is DENIED. First, pursuant to Fed. R. Crim. P. 5(d)(1)(A), defense counsel was already given a copy of the affidavit (ECF No. 2), thus, the request to disclose is moot. Second, pursuant to the Court's order, ECF No. 4, the affidavit (ECF No. 2) was to be unsealed at the time of Defendant's arrest. Third, the undersigned judicial officer has previously informed the United States that the Court will not seal affidavits supporting a complaint without the United States providing legal authority to support the contention that a charging document may be sealed after a defendant has been arrested. Accordingly, the Court orders that the affidavit supporting the complaint, ECF No. 2, be unsealed.

**C. Motion for Protective Order**

The United States seeks a protective order regarding discovery. ECF 20. The Court notes that the parties use the phrase "Protected Discovery," but do not appear to define the term. Since defense counsel does not oppose, the Court grants the motion for protective order as set forth below.

ACCORDINGLY, **IT IS ORDERED**:

1. The United States' Motion to Disclose Discovery But Not Unsealing and for Protective Order (**ECF No. 20**) is **DENIED IN PART AND GRANTED IN PART**.

2. The United States Motion to Disclose Discovery But Not Unseal in

ORDER DENYING UNITED STATES' MOTION TO DISCLOSE DISCOVERY BUT NOT UNSEALING AND ORDER GRANTING UNITED STATES' MOTION FOR PROTECTIVE ORDER - 4

DENIED. The Affidavit (ECF No. 2) is UNSEALED.

3. The United States' Motion for Protective Order is GRANTED and shall remain in effect until a district judge, should the Defendant be indicted, can address the matter.

    A. The United States will provide discovery materials (including Protective Discovery) on an on-going basis to defense counsel;

    B. Defense counsel may possess but not copy (excluding the production of necessary working copies) the discovery materials;

    C. Defense counsel may show to, and discuss with the Defendant the discovery materials, including sealed documents;

    D. Defense counsel shall not provide original or copies of discovery materials for the Defendant to retain;

    E. Defense counsel shall not otherwise provide original or copies of the discovery material to any other person, including subsequently appointed or retained defense counsel, but excluding any staff of defense counsel, investigator, or expert engaged by defense counsel, who will also be bound by the terms and conditions of the protective order;

    F. The United States and defense counsel may reference the existence and content of sealed discovery material in open and closed court proceedings relevant to this cause. Any reference to the content of Protected

1  Discovery shall be filed under seal, until further order of the Court.

2      G.    The parties may seek relief from this Order for good cause.

3  DATED June 1, 2016.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE